## DUDLEY *v.* SPAULDING.

A plea in abatement, alleging that the summons does not set forth the date of the endorsements on the note declared on, and that no summons, in form of law prescribed, was delivered to the defendant, is bad for duplicity.

An allegation in a plea in abatement that the date of the endorsements on the note is not set forth, is bad, unless it be shown that the endorsements were, in fact, dated.

ASSUMPSIT, by Moses Dudley against George Spaulding. The officer returned that he had attached real estate, and left at defendant's usual place of abode a summons, as prescribed by law, with his name and office endorsed thereon. The first count in the declaration was upon a promissory note, and contained the following averment : " Said note is secured by mortgage, and has two endorsements amounting to three hundred twelve $\frac{68}{100}$ dollars." The second count was upon a promissory note, and contained the following averment : " Said note is secured by mortgage, with endorsements amounting to one hundred thirty-three dollars."

Defendant pleaded in abatement, craving oyer of, and setting out the writ and return, and enrolling the summons, which, so far as the endorsements are concerned, is a *verbatim* copy of the declaration. The plea then proceeds : " Whereupon the said George Spaulding prays judgment of the writ aforesaid, that the same may be abated, because he says that the summons aforesaid, delivered to him by the officer who served said writ when his, the said defendant's, estate was attached at the plaintiff's said suit, did not contain and set forth the date of the endorsements of the note declared on in said writ and declaration ; and this he is ready to verify. Wherefore the said defendant prays judgment of the said writ that the same may be abated, and for his costs.

"GEORGE SPAULDING,

" By his Att'ys, WOODWARD & WELLINGTON.

" And for a further plea in this behalf, the said George Spaulding comes and defends &c., when &c., and prays judgment of the writ aforesaid, and that the same may be abated, because he says that though his estate was attached by virtue of said writ, yet no summons in the form prescribed by law has been delivered to him, the said defendant, or left at his usual place of abode ; and this he is ready to verify. Wherefore he prays judgment of the same writ that it may be quashed, and for his costs.

GEORGE SPAULDING,

" By his Att'ys, WOODWARD & WELLINGTON."

Plaintiff demurred, and assigned the following causes of demurrer : " The said defendant does not allege that there were endorsements upon either of the two notes described in the plaintiff's declaration, nor give the date or amount of any endorsements thereon. The said defendant does not designate in respect to which of said notes the dates of the endorsements are not contained in said summons. The said defendant has pleaded two pleas in abatement to the same point, to-wit, an alleged defect in said summons. The said defendant's allegation in his said second plea is contradicted and disproved by the return of the officer upon the original writ, and the summons as enrolled in said defendant's first plea." The demurrer was sustained, subject to exception. The pleadings are made part of this statement.

*Wheeler & Faulkner*, for plaintiff.

*Woodward & Wellington*, for defendant.

BELLOWS, C. J.   Two distinct causes of abatement are set forth, and that is clearly bad for duplicity.   The latter embraces a case where no summons in form of law prescribed has been delivered; while the former is confined to the single cause of not setting forth the dates of the endorsements on the notes declared on : and they are obviously different causes of abatement.

The first cause is also defectively stated, in not alleging that the endorsements were dated.   If they were not, the statute does not apply, for there are no dates to set forth.   It is not enough that it is probable that the endorsements were dated, but the fact should be distinctly alleged in the plea.

*The exception, therefore, is overruled.*